## W. L. WRINKLE v. J. F. LARUE & SON, et al.

Eastern Section. September 24, 1927.

Petition for Certiorari denied by Supreme Court, March 17, 1928.

Stooksbury & Winick and Ray H. Jenkins, of Knoxville, for appellant.

Fowler & Fowler and Chas. E. Dawson, of Knoxville, for appellee.

SNODGRASS, J. The bill in this cause was filed against the defendants to collect an alleged balance of one thousand twenty-six dollars and eighty-four cents, stated in figures to be $1226.84, for installing a sprinkling system, in a building located at the northeast corner of Gay and Union streets in the City of Knoxville, and bearing No. 411 S. Gay street and being approximately 30x150 feet in dimension, consisting, it was alleged of three stories and a basement. A lien was claimed on the building, but apparently abandoned, as no

proof was offered to entitle the party to claim same as against the owner. Regarding said account the bill represented the matter as follows:

"That the complainant, who operates the Knoxville Sprinkler Company, of which he is sole owner, was engaged by said J. F. Larue & Son to install a sprinkling system in said building, and to furnish pipes and other material requisite and necessary to the installation of said sprinkling system. Under his said contract complainant installed a sprinkling system in said building, in first class shape. Complainant files herewith an itemized account for all the material by him furnished and all of the work by him done under said contract with the defendants J. F. Larue & Son, which account is correct, just and true and owing to the complainant, and amounts to the sum of one thousand twenty-six ($1226.84) dollars and eighty-four cents, all of which is due from the said J. F. Larue & Son and wholly unpaid."

After setting forth grounds of attachment and describing the property, it sought a decree for the full amount of the indebtedness alleged, and that the property be subjected to its payment.

Answers were filed by all defendants denying lien liability, especially by Larue & Son, a partnership composed of J. F. and C. R. Larue, who while admitting that complainant was employed by them to do certain work, averred that complainant had been fully paid for said work, and it was denied that anything was due him. Regarding complainant's claim the answer set forth the contentions of defendants Larue & Son, as follows:

"These respondents first employed the complainant to install a sprinkling system upon the mezzanine floor and show windows of said building, and to move a certain tank which was upon the third floor of said building to another location upon the third floor. It is customary in the trade in which complainant and these defendants are engaged for contractors to make an estimate of certain work which they propose to do and to agree that the specified work shall cost no more than the sum mentioned, and that they will endeavor to do the work and to purchase the material at such cost as will, if possible, save the contractor something; that is, will cost him less than the sum mentioned. So it was that the complainant made an estimate that the work hereinbefore referred to would cost $1065 or less."

It was, however, averred that thereafter additional work was done by complainant, as follows:

"Minor changes around stairway; installing alarm valves; sub-basement work; the installing of a new underground pipe from the street to a certain valve. After this additional work was completed complainant estimated that the cost thereof was $750.

It was thereupon maintained by the answer that the reasonable cost of doing all the work was $1815, whereas it is insisted that complainant was endeavoring to charge respondents therefor the sum of

$3223.14. It was averred that respondents had paid complainant the sum of $1999.64 for doing said work and furnishing said material, which is claimed was more than a reasonable charge for said work and more than respondents agreed to pay therefor, and it was accordingly denied that complainant was owed anything for said work. It was claimed that complainant was seeking to charge respondents with an excessive profit, both for labor and material, for which it would be inequitable and unjust to require defendants to pay; and further, that the work and materials had actually cost complainant more than it should have cost by reason of the manner in which he did the work, making it necessary for him to tear out and rebuild portions of the same. It was denied that respondents were responsible for additional costs which was put on the work by complainant by reason of his improper manner of doing it.

Taking the attitude of a cross-complainant, it was alleged that, as before stated, cross-complainants had paid original complainant $1999.64, whereas the proper amount that should have been paid him was $1815. It was further alleged that the work done by complainant was not done in a workmanlike manner, in that the tank removed and installed by complainant did not work satisfactorily; that it was defectively installed, as a result of which it would not hold water, and that cross-complainants had gone to considerable expense in having the defects corrected; that already cross-complainants have expended the sum of $58.60, and have incurred other liabilities for which they had not received bills. Accordingly it was averred that complainant was indebted to cross-complainants in the sum of $100 growing out of the defective installation of the tank, in addition to the sum of $184.60, being the excessive amount paid to complainant, for which judgment was asked.

Original complainant answered the cross-bill, in which he denied that he had been fully paid, but reaffirmed that there was a balance due him of $1226.84. He admitted that he was first employed to install a sprinkling system on the mezzanine floor of said building, and that he made a proper estimate of the cost of such work. He insists that he was then asked to move a certain tank, which he says was moved at a smaller cost than was estimated by cross-complainants Larue & Son. He denied, however, that he made a specific estimate to do all of said work for the sum of $1850, and says that whatever statement he made and whatever figures he gave to cross-complainants Larue & Son was a verbal approximation of said cost of a part of the work. He insists that the building upon which this work was to be done already had a sprinkling system, and it was the desire of defendants Gillespie Brothers and cross-complainants to take out all of said part of the old system that could be used, and that cross-complainants did so use all that was possible to use and save money for said Larue & Son, and it was insisted that on account of the fact

that the floor of one story of said building was lowered three feet, it became necessary to do extra work in remodelling the sprinkling system. And it was further averred that on account of the iron pipes having been buried in the ground for many years in the sub-basement they had become rotten, and that it was necessary to take up and remove all those pipes and replace same with new material, and that this fact was not known when respondent's approximation of the cost of said system was being estimated. It was further averred that whatever changes cross-defendant was compelled to make was done at the instance of cross-complainants Larue & Son, with one exception, and that was, the first inspector for the State ordered cross-complainant to install a dry sprinkling system in the basement, and in a few weeks thereafter another inspector for the State inspected the work and ordered a wet system made for the basement, and it was insisted that the cost of such changes was the work of one man and his helper for one day, and new material (a valve) at the cost of eighteen dollars, but that cross-defendant charged only for the work of the man and his helper to Larue & Son, and returned the material which had been used for the dry valve and credited the said Larue & Son with the said item of eighteen dollars. Cross-defendant denied that he estimated the cost of the sub-basement work, installing alarm valve, minor changes around the stairway and installing a new underground pipe from the street to a certain valve at the cost of $750. It was insisted that no estimate whatever was made on this work. It was denied that $1850 was the reasonable cost, and it was reiterated that $3225.14 was a reasonable price. It was admitted that cross-defendant had received $1999.64, and it was claimed that he had credited the same on the account of Larue & Son. It was denied that he had been overpaid for his work, or that he had made excessive charges for either labor or material, and strict proof was demanded as to these allegations. It was denied that any of the work was improperly done, but on the contrary it was asserted that all work was done in a workmanlike manner, and that he knew nothing of any changes made after the sprinkling system was completed.

Such were the issues upon which proof was taken and the cause heard before the Chancellor, who upon consideration of the case found that the equities alleged in the bill were fully met and denied by the answer, and were not sustained by the proof. Also that the cross-bill of J. F. Larue & Son was not sustained by the proof. He accordingly dismissed both bills, and adjudged that complainant and his securities pay all the costs incident to the filing of the original bill, and that cross-complainants J. F. Larue & Son and their security pay all the costs incident to the filing of the cross-bill.

Both sides excepted to the dismissal of their bills and were granted appeals on filing proper bonds, but only original complainant perfected his appeal. He has made the assignment of error that

"The Chancellor erred in dismissing complainant's bill and denying a recovery for the amount sued for upon the ground, as stated in his decree, that the proof did not sustain the allegations of the bill."

There being no appeal from the dismissal of the cross-bill, thus determining the claims made therein of excessive payments and of improperly performed work, the only question left to determine on the appeal of the original complainant is, as to whether or not the proof has established sufficiently his claim. The burden, of course, is upon him to make this appear. There is no denial that he did the work of installing the remodeled sprinkling system. There is an agreement that he made an estimate on at least a part of the system. It seems, however, that it was not contemplated at the beginning that the work of remodeling was to be as extensive as it necessarily proved to be upon a later examination. Defendants Larue & Son insisted that the payment of $1999.64, which it is agreed has been made, overpaid the estimate of the whole work which they say was made by the complainant, and that overpayment, together with what Larue & Son claim the cost to them has been by reason of the unworkmanlike manner in which it was performed, constituted the amount sued for in the cross-bill. The Chancellor negatively determined these claims of the cross-bill in its dismissal, and we concur with him that the cross-bill was properly dismissed under the proof.

Larue & Son while claiming that additional cost was estimated at $750, add this to the original estimate of $1065, which makes the sum of $1815, which they claim should be the limit of complainant's recovery. But they admit that this estimate of $750 was made after the job was completed, which loses to it its significance as a corroborating circumstance, which it is insisted enabled them to make their own bid to the owners for the entire work. So we think the weight of the proof is as claimed by complainant, that no estimate at least was made for the entire job that would limit through any custom the maximum amount that might be charged. Nor do we find that the weight of the proof is, as claimed by complainant, that he was to be paid one dollar and fifty cents per hour for fitters and seventy-five cents per hour for helpers. This is another claim we think based upon an implication of an alleged custom, which we do not think the proof warrants our acceptance in this instance. Nor do we conclude that there is anything in the pleadings or proof that would prevent this case from being settled upon the quantum meruit. If there is anything in the proof from which we might fairly arrive at what is justly due the complainant, if anything is due him more than what he has received, he should have a judgment for that amount. We think there is no question but what he did the work in installing the remodeled system, and that more work and material was used than what was originally thought would be necessary. While complainant's proof is

a little lame as to details, or, in other words, while he might have introduced his bookkeeper or the wholesale people from whom he purchased his material, he stated the accounts were correct, and it appears, both from the testimony of the expert he introduced and the one introduced by Larue & Son, that the cost of the work was reasonable. It is true defendants Larue & Son criticize the testimony of R. A. Hutchens, complainant's witness, in regard to these matters, as not being expert, but we think the witness shows himself of sufficient capacity to speak upon the subject, and he is, though somewhat indirectly, corroborated by Mr. H. E. Fonda, the expert for defendants Larue & Son, who is represented as competent. Besides this the account was itemized, and discloses sources of testing these opinions, if not regarded as reliable. Complainant has given credit for mistakes shown in the account as to material, so we think it resolves itself into a question of whether or not his profit on labor account is reasonable. Regarding this (as we have not found that the proof has shown a specific contract), whether or not a charge of one dollar and fifty cents per hour for fitters and seventy-five cents per hour for helpers is reasonable, depends upon what the labor cost the complainant. Recurring to his testimony we do not think he has shown that it cost him exceeding one dollar per hour for fitters and fifty cents per hour for helpers, and in the circumstances of this case fifty percent to be added as profit appears unreasonable. There does not seem to be any serious dispute but what twenty per cent is a reasonable sum as profit to be allowed on cost of material furnished, and no sufficient reason appears as to why any difference should obtain to be allowed upon the cost of labor, and we think that twenty per cent of what the labor actually cost, rated at one dollar per hour for fitters and fifty cents per hour for helpers, would be more reasonable.

Recurring again to the proof, we think it sufficiently appears, that with the twenty percent added, the sum of $1225.02 which, as it has been calculated, is the sum to which complainant would be entitled on material account after the credits shown have been allowed, and that the sum of $1594.40 which, as has been calculated, is the sum of the labor account, rated at one dollar per hour for fitters and fifty cents per hour for helpers, with twenty percent added, is a proper sum for labor account. These two sums aggregate $2819.42. Subtract therefrom the $1999.64, the amount he has been paid, would leave the sum of $819.78 as the amount we think the proof reasonably shows the complainant entitled as a balance due him. To this extent we think the Chancellor was in error in dismissing his bill.

The assignment of error is therefore sustained, the decree of the Chancellor reversed to this extent, and a decree will be entered here in favor of the complainant for this balance, together with one-half the costs of this cause. The defendants Larue & Son will pay the other one-half, for which executions are respectively awarded. The

complainant and his original sureties will pay his one-half of the costs accruing in the court below, and he and his securities on his appeal bond to this court will pay the other one-half adjudged against him.

Portrum and Thompson, JJ., concur.